Rahul Sethi (SBN 238405)
SETHI LAW FIRM
811 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
T:  (213) 254-2454

**No Filing Fee Required**
**Pursuant to 38 U.S.C. § 4323(h)(1)**

Attorneys for Plaintiff, SANJAY BANSAL

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANJAY BANSAL;<br><br>   Plaintiff,<br><br>vs.<br><br>BEZAIRE, LEDWITZ & BORNCAMP, APC; SAMUEL LEDWITZ; and DOES 1 through 20, Inclusive;<br><br>   Defendants. | Case No.:<br><br>**COMPLAINT**:<br>1. Discrimination in Violation of Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 et seq.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sanjay Bansal hereby alleges the following facts:

### PARTIES

1. Plaintiff Sanjay Bansal ("Bansal" or "Plaintiff") is, and at all relevant times mentioned herein, was an individual residing in Los Angeles County.

2. Defendant Bezaire, Ledwitz & Borncamp, APC ("The Firm") is, and at all relevant times mentioned herein, was a professional corporation that maintains a place of business in Los Angeles County.  The Firm was formerly known as Bezaire, Ledwitz & Associates.

3. Defendant Samuel Ledwitz ("Ledwitz") is, and at all relevant times mentioned herein, was an individual residing in Los Angeles County.  Ledwitz is the managing owner of the

COMPLAINT

Firm.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES 1 through 20, inclusive, and therefore sue said defendants by those fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the unlawful actions, policies and practices alleged in this Complaint.

5. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

## JURISDICTION

6. Plaintiff's sole cause of action arises under the Uniformed Services Employment and Reemployment Act ("USERRA"), 38 U.S.C. §§ 4301 et seq. The jurisdiction of this Court is based on federal question jurisdiction, 28 U.S.C. § 1331, as conferred by 38 U.S.C. § 4323(b)(3).

## VENUE

7. Plaintiff is informed and believes and thereon alleges that the work duties he performed for the Firm were substantially performed in Los Angeles, California. Further, the termination occurred in Los Angeles, California. Venue is proper because the Firm maintains a place of business in this district, as provided in 38 U.S.C. § 4323(c)(2).

## GENERAL ALLEGATIONS

8. The Firm is a law firm that provides tax and estate planning services.

9. On or about early August 2009, The Firm hired Bansal as an estate planning attorney. Bansal started work on August 10, 2009.

10. On or about August 17, 2009, Bansal took oath of office into the United States

1  Army Reserve Judge Advocate General Corps.

2      11.    At all relevant times mentioned herein, the Firm and Ledwitz were aware that Bansal was a member of the United States Army Reserve JAG Corps.

    12.    At all relevant times mentioned herein, Bansal was a good employee and ably performed his job duties.

    13.    On or about January 6, 2010, the United States Army notified Bansal that he would likely be ordered to attend Officer Basic Course for approximately four months from February to June 2010.

    14.    Immediately thereafter, Bansal notified Ledwitz, his supervisor and owner of the firm, that Bansal would likely be deployed in Virginia for three to four months.

    15.    Approximately three to four hours later, Lewdwitz arrived at Bansal's office unannounced.  Ledwitz confirmed receipt of the notification of deployment.  Ledwitz then told Bansal that Bansal was being laid-off because the firm was not doing well financially.  Bansal told Ledwitz the timing was suspicious.

    16.    Plaintiff is informed and believes and thereon alleges that the Firm was doing fine financially and that the true motivating reason was that Plaintiff had been called to duty.  Plaintiff is informed and believes and thereon alleges that Ledwitz made the decision to terminate his employment.

### FIRST CAUSE OF ACTION
Discrimination in Violation of 38 U.S.C. § 4301 et seq.
(Against Defendants)

    17.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

    18.    The Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 et seq., prohibits discrimination in employment against individuals who have been called to duty in the uniformed services.  This constituted a violation of USERRA.

    19.    The Firm and Ledwitz's motive in terminating Plaintiff's employment was his

participation in the United States Army Reserve Judge Advocate General Corps.

20. As a direct and proximate result, Plaintiff was harmed. Plaintiff suffered injuries and damages including, but not limited to, loss of past and future earnings and benefits, all to his damage, at least in the amount of $75,000.

21. Plaintiff is informed and believes and thereon alleges the violation of USERRA was willful and requests liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

22. Pursuant to 38 U.S.C. § 4323(h)(2), Plaintiff seeks an award of reasonable attorneys' fees and costs.

23. Plaintiff seeks punitive damages in an amount to be determined for the Firm and Ledwitz's conduct, which was willful, oppressive and in utter disregard of Plainitiff's rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, in an amount to be proven at trial, but estimated to be no less than $75,000;

2. For liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C);

3. For attorneys fees and costs pursuant to 38 U.S.C. § 4323(h)(2);

4. For punitive damages;

5. For prejudgment interest; and

6. For other such and further relief this Court may deem just and proper.

Dated: January 8, 2015                           SETHI LAW FIRM

                                                 By _____
                                                    *Rahul Sethi*
                                                    Rahul Sethi
                                                    Attorneys for Plaintiff, SANJAY BANSAL

**DEMAND FOR JURY TRIAL**

Plaintiff Sanjay Bansal hereby demands a trial by jury in this action.

Dated: January 8, 2015                         SETHI LAW FIRM

By _____
             Rahul Sethi
      Attorneys for Plaintiff, SANJAY BANSAL

COMPLAINT